IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JONATHAN J. ROOKS, : | |
| : | |
| Plaintiff, : | |
| : | NO. 5:24-cv-00164-TES-AGH |
| v. : | |
| : | |
| SUPERIOR COURT : | |
| OF WASHINGTON COUNTY, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

### RECOMMENDATION OF DISMISSAL

Plaintiff Jonathan J. Rooks, a prisoner in the Muscogee County Correctional Institution in Columbus, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff also filed a motion for leave to proceed in this action *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 3. Thereafter, Plaintiff's motion to proceed *in forma pauperis* was granted, and Plaintiff was ordered to pay an initial partial filing fee. Order, ECF No. 4. Plaintiff paid the fee, and thus, his complaint is ripe for preliminary review. As set forth below, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

**I.     Standard of Review**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, his complaint is subject to preliminary review. *See* 28 U.S.C. § 1915A(a) (requiring the screening of prisoner cases) & 28 U.S.C. § 1915(e) (regarding *in forma pauperis* proceedings). When performing this review, the court must accept all factual allegations in the complaint as true. *Brown v. Johnson*,

387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are "held to a less stringent standard than pleadings drafted by attorneys[]" and are "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the

complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Plaintiff's Allegations

Plaintiff asserts that he filed a state court petition for a writ of habeas corpus on June 16, 2020, in the Superior Court of Mitchell County, Georgia. Attach. to Compl. 1, ECF No. 1-1. Since that time, Plaintiff has been transferred from the Mitchell County Correctional Institution to Washington State Prison and then from Washington State Prison to the Muscogee County Correctional Institution. *Id.* at 2. Plaintiff contends that Washington County Superior Court Judge Tommy J. Smith allowed Special Attorney General Daniel Hamilton to use the Georgia Department of Corrections administrative procedures to have Plaintiff transferred to interfere with Plaintiff's habeas case and that the transfers have caused delays in having his writ petition adjudicated. *Id.* at 1-2.

Plaintiff next asserts that Judge Smith and Special Attorney General Hamilton have demonstrated bias against him by failing to respond to Plaintiff's motions within thirty days of him filing them. *Id.* Additionally, Plaintiff claims that Judge Smith has shown bias in favor of Hamilton. *Id.* In support of this contention, Plaintiff notes that, on July 21, 2021, Hamilton submitted a proposed order, which Judge Smith immediately signed. *Id.* Judge Smith also signed another order prepared by Hamilton on February 16, 2022. *Id.* at 2-3. During that time, Plaintiff filed multiple motions that he says were ignored. *Id.* at 3.

Plaintiff contends that Judge Smith and other state officials were negligent in addressing Plaintiff's habeas corpus petition. *Id.* Plaintiff reported Judge Smith to Washington County Chief Judge Reeves for judicial misconduct for failing to acknowledge Plaintiff's writ petition. *Id.* Plaintiff further asserts that Judge Reeves should be held accountable for Judge Smith's failure to act. *Id.* As of the filing of the complaint, Judge Reeves had not responded to Plaintiff's

report.  *Id.* at 3-4.

Plaintiff next alleges that he moved for Judge Smith to be removed from his case.  *Id.* at 4. Judge Alison T. Burleson apparently denied Plaintiff's motion, allowing Judge Smith to continue to preside over Plaintiff's habeas corpus proceeding.  *Id.*  Plaintiff asserts that Judge Burleson demonstrated bias against him by failing to remove Judge Smith from Plaintiff's case.  *Id.* Plaintiff objected to Judge Burleson's order on April 7, 2022, but those objections have not been addressed.  *Id.*

Plaintiff contends that his court records demonstrate that his rights were violated in a number of ways during his underlying criminal case.  *Id.*  He further states that Judges Smith, Reeves, and Burleson have reviewed those records so they are aware of these issues.  *Id.*  Plaintiff claims that their failure to act caused him to lose time with his family and loved ones and caused him financial loss from lack of employment.  *Id.* at 5.

As relief, Plaintiff requests compensation for funds he lost while incarcerated and asks that the state court be forced to adjudicate his petition.  *Id.* at 6.  Plaintiff also filed a motion asking the Court to conclude that Defendants are not entitled to immunity for their actions.  Mot. to Disqualify Judge Defendants from Immunity, ECF No. 5.  In this motion, Plaintiff generally reiterates the claims that he made in the complaint.  *See generally id.*

**III.   Analysis of Plaintiff's Claims**

   A.   Judges

As an initial matter, to the extent that Plaintiff seeks monetary damages against Judges Smith, Reeves, and Burleson, these defendants are entitled to judicial immunity.  State judges have absolute judicial immunity from claims for damages in a § 1983 action, even when the alleged acts are in done in excess of the judge's jurisdiction or when the plaintiff alleges that the acts were

4

"done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Here, Plaintiff's primary allegations are that Judge Smith failed to adjudicate his petition in a timely manner and that Judges Reeves and Burleson failed to respond to Plaintiff's objections to Judge Smith's inaction in the manner that Plaintiff prefers. Nothing in Plaintiff's complaint or motion leads the Court to conclude that immunity does not apply in this situation.

Moreover, insofar as Plaintiff seeks injunctive relief against these defendants in the form of an order directing them to take certain actions, Plaintiff is essentially seeking mandamus relief. The United States District Courts, however, do not have the authority to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, DeKalb Cnty. Super. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam);[1] *see also Lawrence v. Miami-Dade Cnty. State Attorney Off.*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.") Thus, regarding these defendants, Plaintiff fails to state a claim upon which relief may be granted, and it is **RECOMMENDED** that his claims against Judges Smith, Reeves, and Burleson be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

B.  Daniel Hamilton

Plaintiff refers to Defendant Daniel Hamilton as a "Special Attorney General" and suggests that he was acting in a prosecutorial capacity. Prosecutors are absolutely immune from damages under § 1983 when engaged in prosecutorial functions, *i.e.*, those acts that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

427-28, 430 (1976). Thus, to the extent that Plaintiff seeks monetary relief against Hamilton for actions taken in the course his duties as a prosecutor, Hamilton is immune from such relief.

Moreover, Plaintiff fails to state a claim for relief against Hamilton. Plaintiff alleges: (1) that Hamilton was biased against Plaintiff; (2) that Hamilton submitted proposed orders for Judge Smith, which Judge Smith then signed, and (3) that Hamilton had Plaintiff transferred to interfere with his habeas case. But Plaintiff's conclusory allegations do not show that Hamilton violated Plaintiff's constitutional or other federal rights in any way.

Indeed, Plaintiff's allegation that Hamilton was biased against Plaintiff is entirely conclusory, and his claim that Hamilton submitted proposed orders in Plaintiff's habeas case does not show that Hamilton somehow acted improperly. Plaintiff's contention that Hamilton had Plaintiff transferred to interfere with Plaintiff's habeas case is also conclusory; Plaintiff alleges no facts to support his assertion that Hamilton was involved in any decision to transfer Plaintiff, that any such transfer was made in order to interfere with Plaintiff's habeas case, or that the transfer was otherwise improper. Therefore, Plaintiff's allegations fail to state a claim for relief against Hamilton, and it is **RECOMMENDED** that Plaintiff's claims as to Defendant Hamilton also be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

C.   Superior Court of Washington County

Plaintiff also lists the Superior Court of Washington County as a defendant in the case caption. Plaintiff, however, cannot state a claim against the Superior Court of Washington County, as it is not a proper defendant. That court is part of the state court system, and as such, it is protected by Eleventh Amendment immunity. *See Kaimowitz v. The Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993) ("The Eleventh Amendment prohibits actions against state courts and state bars."). Accordingly, to the extent that Plaintiff seeks relief against the Superior Court of

Washington County, it is also **RECOMMENDED** that his claims be **DISMISSED WITHOUT PREJUDICE**.

## IV. Conclusion

As discussed above, Plaintiff fails to state a claim for relief against any of the named defendants. It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is also recommended that Plaintiff's motion to disqualify (ECF No. 5) be denied as moot.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of the recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 14th day of August, 2024.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE